**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X           Case No1 23-11564-MEW
IN RE:

**Madison Global LLC dba Nello Restaurant**

                             Debtor,                       Chapter 11

-------------------------------------------------------------X

## ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM
## AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

      Upon the application of the above-captioned **Madison Global LLC dba Nello Restaurant** debtor and debtor in possession (the "Debtor"), for an order, pursuant to Federal Rule of Bankruptcy Procedure (**"Bankruptcy Rule"**) 3003(c)(3), fixing a deadline (the **"Bar Date"**) and establishing procedures for filing proofs of claim and approving the form and manner of service thereof, and it appearing that the relief requested is in the best interests of the Debtor, their estates, and creditors and that adequate notice has been given and that no further notice is necessary; and after due deliberation and good and sufficient cause appearing therefor, it is hereby

      **ORDERED**, that except as otherwise provided herein, all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim, as defined in Section 101(5) of the Bankruptcy Code, against the Debtor which arose on or prior to the filing of the bankruptcy petition on **September 28, 2023** (the "**Filing Date**"), shall file a proof of such claim in writing or electronically on the Court's website at www.nysb.uscourts.gov so that it is received on or before **January 31 , 2024** ; and it is further

      **ORDERED**, that notwithstanding any other provision hereof, proofs of claim filed by governmental units must be filed on or before **March 26, 2024** (the date that is one hundred eighty (180) days after the date of the order for relief); and it is further]

1

**ORDERED**, that the following procedures for the filing of proofs of claim shall apply:

(a) Proofs of claim must conform substantially to Official Bankruptcy Form No. 410; Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system. Those without accounts with the CM/ECF system may electronically create and file proofs of claim through the "File A Proof of Claim" link on the Court's website at [www.nysb.uscourts.gov](www.nysb.uscourts.gov) or by mailing or delivering the original proof of claim to the United States Bankruptcy Court, Southern District of New York, US Bankruptcy Court, Southern District of New York, One Bowling Green, New York, NY 10004-1408. Proofs of claim will be deemed filed only when <u>received</u> by the Clerk of the Bankruptcy Court on or before the Bar Date;

(b) Proofs of claim must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and, (iv) be denominated in United States currency;

**ORDERED**, Proofs of Claim need not be filed as to the following types of claims:

(a) Any claim as to which the holder has already filed a proof of claim against the Debtor in the above-captioned case in a form substantially similar to Official Bankruptcy Form No. 410.

(b) Any claim that is listed on the Schedules filed by the Debtor, provided

that (i) the claim is <u>not</u> scheduled as "disputed", "contingent" or "unliquidated"; <u>and</u> (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules; [and (iii) the claimant does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules];

(c) Any claim that heretofore has been allowed by Order of this Court;

(d) Any claim that has been paid in full by any of the Debtor;

(e) Any claim for which different specific deadlines have previously been fixed by this Court;

(f) Any claim allowable under § 503(b) and § 507(a) (2) of the Bankruptcy Code as an expense of administration of the Debtor's estate, except as otherwise provided below;

**ORDERED,** Claims under section 503(b)(9) must be filed by the deadlines set forth in this Order, and it is further;

**ORDERED**, that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of this Order, must file a proof of claim based on such rejection on or before the Bar Date, and any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of this Order, must file a proof of claim on or before such date as the Court may fix in the applicable order authorizing such rejection; and it is further

3

**ORDERED**, that holders of equity interests in the Debtor need not file proofs of interest with respect to the ownership of such equity interest, <u>provided, however</u>, that if any such holder asserts a claim against the Debtor (including a claim relating to an equity interest or the purchase or sale of such equity interest), a proof of such claim must be filed on or prior to the Bar Date pursuant to the procedures set forth in this Order; and it is further

**ORDERED**, that if the Debtor amend or supplement the Schedules subsequent to the date hereof, the Debtor shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded thirty (30) days from the date of such notice to file proofs of claim in respect of their claims and shall be given notice of such deadline; and it is further

**ORDERED**, that nothing in this Order shall prejudice the right of the Debtor or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules; and it is further

**ORDERED**, that pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that fail to comply with this Order by timely filing a proof of claim in appropriate form shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution; and it is further

**ORDERED**, that a copy of the notice substantially in the form annexed hereto is approved and shall be deemed adequate and sufficient if served by first-class mail at least thirty- five (35) days prior to the Bar Date on:

(a) The United States Trustee;
(b) Counsel to each official committee;
(c) All persons or entities that have requested notice of the proceedings in the Chapter 11 cases;
(d) All persons or entities that have filed claims;
(e) All creditors and other known holders of claims as of the date of this

Order, including all persons or entities listed in the Schedules as holding claims;

(f) All parties to executory contracts and unexpired leases of the Debtor;
(g) All parties to litigation with the Debtor;
(h) The Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units (a list of such agencies is available from the Office of the Clerk of the Court); and
(i) Such additional persons and entities as deemed appropriate by the Debtor; and it is further

**ORDERED**, that any person or entity who desires to rely on the Schedules will have the responsibility for determining that the claim is accurately listed in the Schedules; and it is further

**ORDERED**, that the Debtor [and their Claims Agent] are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED**, that entry of this Order is without prejudice to the right of the Debtor to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Date established herein must file such proofs of claim or interest or be barred from doing so.

Dated: New York, New York
December_____, 2023

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X   Case Nol 23-11564-MEW
IN RE:

**Madison Global LLC dba Nello Restaurant**

       **Debtor,**        **Chapter 11**

----------------------------------------------------------X

### NOTICE OF DEADLINE REQUIRING FILING OF PROOFS OF CLAIM ON OR BEFORE SEPTEMBER 28, 2023

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST MADISON GLOBAL LLC DBA NELLO RESTAURANT**

  The United States Bankruptcy Court for the Southern District of New York has entered an Order establishing **January 31. 2024** (the **"Bar Date"**) as the last date for each person or entity (including individuals, partnerships, corporations, joint ventures, trusts and governmental units) to file a proof of claim against any of the Debtor listed above (the "Debtor").

  The Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtor that arose prior to **September 28, 2023,** the date on which the Debtor commenced case which was converted to chapter 11 of the United States Bankruptcy Code on October 30, 2023, except for claims listed in Section 4 below that are specifically excluded from the Bar Date filing requirement.   Governmental units may have until **March 26, 2024,** the date that is one hundred eighty (180) days after the order for relief, to file proofs of claim.

  1.  **WHO MUST FILE A PROOF OF CLAIM**

You MUST file a proof of claim to vote on a chapter 11 plan filed by the Debtor or to  share in distributions from the Debtor's bankruptcy estate if you have a claim that arose prior to **September 28, 2023 (the "Filing Date")**, and it is not one of the types of claims described in Section 4 below. Claims based on acts or omissions of the Debtor that occurred before the Filing Date must be filed

1

on or prior to the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Filing Date.

Under Section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

2. **WHAT TO FILE**

Your filed proof of claim must conform substantially to Official Form No. 410; a proof of claim form accompanies this notice. You may utilize the proof of claim form(s) provided by the Debtor to file your claim. Additional proof of claim forms may be obtained at www.uscourts.gov/forms/bankruptcy-forms.]

All proof of claim forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. It must be written in English and be denominated in United States currency. You should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

**Your proof of claim form must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).**

3. **WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim must be filed so as to be received **on or before January 31, 2024.**

Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Court's Case Management/Electronic Case File (CM/ECF) system.

Those without accounts to the CM/ECF system may create and electronically file their proofs of claim through the "File A Proof of Claim" link on the Court's website, www.nysb.uscourts.gov, or by mailing or delivering the original proof of claim to the Court at the address provided below:

> **United States Bankruptcy Court**
> **Southern District of New York**
> **One Bowling Green, Room 614**
> **New York, New York 10004-1408**

Proofs of claim will be deemed filed only when received by the Bankruptcy Court on or before the Bar Date. Proofs of claim may not be delivered by facsimile, telecopy or electronic mail transmission.

4. **CLAIMS FOR WHICH PROOFS OF CLAIM NEED NOT BE FILED**

You do **not** need to file a proof of claim on behalf of a claim on or prior to the Bar Date if the claim falls into one of the following categories:

(a) Any claim that has already been asserted in a proof of claim against the Debtor with the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to Official Bankruptcy Form No. 410 [(unless you wish to assert the claim against a Debtor not mentioned in the prior proof of claim, in which case an additional proof of claim must be filed)];

(b) Any claim that is listed on the Schedules filed by the Debtor, provided that (i) the claim is not scheduled as "disputed," "contingent," or "unliquidated" and (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules [and (iii) the claimant does not dispute that the claim is an obligation only of the specific Debtor against which the

claim is listed in the Schedules];

(c) Any claim that previously been allowed by Order of the Court;

(d) Any claim that has been paid in full by any of the Debtor;

(e) Any claim for which a different deadline has previously been fixed by this Court;

(f) [Any claim by one Debtor against another Debtor, or by any of the non-debtor subsidiaries of the against any of the Debtor;]

(g) Any claim allowable under § 503(b) and § 507(a) (2) of the Bankruptcy Code as an expense of administration of the Debtor's estates;

(h) [Others.]

If you are a holder of an equity interest in the Debtor, you need not file a proof of interest with respect to the ownership of such equity interest at this time. However, if you assert a claim against the Debtor, including a claim relating to such equity interest or the purchase or sale of such interest, a proof of such claim must be filed on or prior to the Bar Date pursuant to procedures set forth in this Notice.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtor but may not have an unpaid claim against the Debtor. The fact that you have received this Notice does not mean that you have a claim or that the Debtor or the Court believe that you have a claim against the Debtor.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you have a claim arising out of the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or before [BAR ORDER ENTRY DATE], the date of entry of the Bar Order, you must file a proof of claim by the Bar Date. Any person or entity that has a claim arising from the rejection of an executory contract or unexpired lease, as to which the order is dated after the date of entry of the Bar Order, you must file a proof

of claim with respect to such claim by the date fixed by the Court in the applicable order authorizing rejection of such contract or lease.

6. **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THIS ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTOR' CASES ON ACCOUNT OF SUCH CLAIM.

7. **THE DEBTOR' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against one or more of the Debtor in the Debtor' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules").

As set forth above, if you agree with the nature, amount and status of your claim as listed in the Debtor' Schedules, and if you do not dispute that your claim is only against the Debtor specified by the Debtor, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtor' Schedules are available for inspection on the Court's Internet Website at http://www.nysb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.gov. Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office

of the Clerk of the Bankruptcy Court, One Bowling Green, Room 614, New York, New York 10004-1408 [or 300 Quarropas Street, Room 248, White Plains, New York, 10601 or 355 Main Street, Poughkeepsie, New York 12601]. Copies of the Debtor' Schedules may also be obtained by written request to Debtor' counsel at the address and telephone number set forth below.

**A holder of a possible claim against the Debtor should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a proof of claim.**

Dated: New York , New York　　　　　　　　　　　　　　　**BY ORDER OF THE COURT**
December __, 2023

　　　　　Karamvir Dahiya, Esq.
_____

COUNSEL FOR THE DEBTOR AND
DEBTOR IN POSSESSION
DAHIYA LAW OFFICES LLC
75 MAIDEN LANE SUITE 606
NEW YORK NY 10038
PHONE: 212 766 8000
karam@bankruptcypundit.com

Fill in this information to identify the case:

Debtor 1 _____

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the: _____ District of _____

Case number _____

Official Form 410

# Proof of Claim 04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

1. **Who is the current creditor?**
   _____
   Name of the current creditor (the person or entity to be paid for this claim)

   Other names the creditor used with the debtor _____

2. **Has this claim been acquired from someone else?**
   ☐ No
   ☐ Yes. From whom? _____

3. **Where should notices and payments to the creditor be sent?**

   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

   Where should notices to the creditor be sent?

   _____
   Name

   _____
   Number          Street

   _____
   City                    State         ZIP Code

   Contact phone _____

   Contact email _____

   Where should payments to the creditor be sent? (if different)

   _____
   Name

   _____
   Number          Street

   _____
   City                    State         ZIP Code

   Contact phone _____

   Contact email _____

   Uniform claim identifier for electronic payments in chapter 13 (if you use one):

   __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

4. **Does this claim amend one already filed?**
   ☐ No
   ☐ Yes. Claim number on court claims registry (if known) _____     Filed on _____
                                                                                              MM   / DD   / YYYY

5. **Do you know if anyone else has filed a proof of claim for this claim?**
   ☐ No
   ☐ Yes. Who made the earlier filing? _____

**Part 2:  Give Information About the Claim as of the Date the Case Was Filed**

6. Do you have any number you use to identify the debtor?

    ❏ No
    ❏ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____

7. How much is the claim?   $_____. Does this amount include interest or other charges?
    ❏ No
    ❏ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. What is the basis of the claim?

    Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

    Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

    Limit disclosing information that is entitled to privacy, such as health care information.

    _____

9. Is all or part of the claim secured?

    ❏ No
    ❏ Yes.   The claim is secured by a lien on property.

    **Nature of property:**

    ❏ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
    ❏ Motor vehicle
    ❏ Other. Describe: _____

    **Basis for perfection:** _____
    Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

    **Value of property**:                          $_____
    **Amount of the claim that is secured:**        $_____

    **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

    **Amount necessary to cure any default as of the date of the petition:**    $_____

    **Annual Interest Rate** (when case was filed)_____%
    ❏ Fixed
    ❏ Variable

10. Is this claim based on a lease?

    ❏ No
    ❏ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

11. Is this claim subject to a right of setoff?

    ❏ No
    ❏ Yes. Identify the property: _____

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☐ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
                    MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name    _____
         First name        Middle name        Last name

Title    _____

Company  _____
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  _____
         Number    Street

         _____
         City                         State    ZIP Code

Contact phone  _____    Email  _____