**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------X   Case No 23-11564-MEW

IN RE:

**Madison Global LLC dba Nello Restaurant**

                              Debtor,                    Chapter 11

----------------------------------------------------------------X

### Notice of Motion by Dahiya Law Offices, LLC for *Nunc Pro Tunc* Retention

PLEASE TAKE NOTICE, that Dahiya Law Offices, LLC (**Applicant**) shall move the United States Bankruptcy Court, Southern District of New York under 11 U.S.C. § 327 and FRBP 2014, for *nunc pro tunc* approval of the retention of the Applicant w.e.f. October 30, 2023.

A hearing has been scheduled on January 30. 2024 10:00 am (**Hearing Date**) before the Honorable Michael E. Wiles, United States Bankruptcy Judge, in the United States Bankruptcy Court of the Southern District of New York (the "Bankruptcy Court"), One Bowling Green, New York, New York, 10004 or as soon thereafter as counsel may be heard for retention of the Applicant. All responses to the application be filed at least a week in advance of the Hearing Date.

PLEASE TAKE FURTHER NOTICE that pursuant to General Order M-543, dated March 20, 2020 (Morris, C.J.), such hearing shall be conducted telephonically[1] so long as General Order M-543 is in effect on the day of the hearing or unless otherwise ordered by the Bankruptcy Court

---

- [1] Unless the Court provides otherwise, parties wishing to participate in a hearing telephonically must register with Court Solutions. Attorneys seeking to participate must be admitted to the Court or admitted pro hac vice. (See Local Rule 2090-1). Information on how to register with Court Solutions can be found here on the Court's website. Additional instructions are attached to General Order M-543, which can be found here.

- Parties that wish to "listen in" on a hearing are not required to receive consent from Chambers prior to registering with Court Solutions, nor to be admitted to the court or to be admitted pro hac vice. Additionally, and on an interim basis, parties that wish to make a "live" telephonic appearance in order to speak or

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted pro hac vice, electronically in accordance with General Order M-399, and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399.

Dated: January 12, 2024
New York New York

*/s/karamvirdahiya*
Karamvir Dahiya
Dahiya Law Offices LLC
75 Maiden Lane Suite 606
New York NY 10038
Tel: 212 766 8000

---

make argument are not required to receive prior permission from Chambers, although admission to the court or admission pro hac vice is still required.

- Counsel who intend to participate telephonically for any hearings of an evidentiary nature, including the examination of witnesses or the submission of evidence, are required to notify Chambers at least two business days in advance of the hearing. These requests will be handled on a case-by-case basis.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X   Case Nol 23-11564-MEW

IN RE:

**Madison Global LLC dba Nello Restaurant**

                                **Debtor,**                              **Chapter 11**

-----------------------------------------------------------X

## AFFIDAVIT IN SUPPORT OF
## RETENTION OF DAHIYA LAW OFFICES LLC

STATE OF NEW YORK )
                              ):ss
COUNTY OF NEW YORK )

Karamvir Dahiya, being duly sworn, deposes and says under the penalty of perjury:

1. The firm of Dahiya Law Offices LLC ("DLO") maintains offices for the practice of law at 75 Maiden Lane Suite 606, New York New York 10038. I am the principal of the firm and duly admitted to practice before this Court.

2. DLO has agreed to render services to the Debtor, on a general retainer basis, at the firm's hourly rates which range from $700 for principal, $550 for counsel, $200 per hour to $350 per hour for associates time, $75--$125 for paralegals, plus reimbursement of out-of-pocket expenses.

3. Neither your affirmant nor any of DLO's attorneys have any connection with the creditors of the Debtor or any other party in interest or its respective attorneys.

4. Accordingly, DLO is disinterested as that term is defined in §101(14) of the Bankruptcy Code. DLO is not owed any sums for services rendered prior to the filing of the chapter 11 case.

5. DLO represents no interest adverse to the Debtor herein or its estate in the matters upon which it is to be engaged. DLO has received a payment of $30,000 for Chapter 11. The source of this payment was the Thomas Makkos, the principal of the Debtor. And it has been explained to Mr. Makkos that the undersigned loyalty is to the Debtor. And should there be any legal issues or case with Mr. Makkos, he will have to seek a separate counsel.

1

6.      DLO does not represent or hold any adverse interest with respect to the Debtor or the matters on which it is to be employed.  To check and clear potential conflicts of interest in this case, as well as determine all "connections" (as such term is used in Bankruptcy Rule 2014) to the Debtors, their creditors, other parties in interest, their respective attorneys and accountants, the United States trustee or any person employed in the office of the United States Trustee, DLO researched its client database for last 20 years to determine whether it has any relationships with any interested parties. DLO is a small law office focused on bankruptcy litigation and we know who our clients were in the past. We have not discovered any conflict in any manner.

Dated: New York New York
November 30, 2023

*/s/ Karamvir Dahiya, Esq.*
Karamvir Dahiya
Dahiya Law Offices LLC
75 Maiden Lane Suite 606
New York New York 10038
Tel: 212 766 8000
karam@dahiya.law

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X  Case No1 23-11564-MEW

IN RE:

**Madison Global LLC dba Nello Restaurant**

                 **Debtor,**                 **Chapter 7**

---------------------------------------------------------------X

**STATEMENT UNDER RULE 2016(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURES AND § 329 OF THE BANKRUPTCY CODE**

      Karamvir Dahiya ("Dahiya"), a principal of Dahiya Law Offices LLC (the "Firm"), pursuant to § 329 of the Bankruptcy Code (the "Code") and Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, states that the Firm received a retainer of $30,000.00 regarding the debtor's case chapter 11 matter from the principal of . All compensation to the Firm, including reimbursement of expenses, shall be paid on an interim or final basis in accordance with orders of this court following the submission of invoices, or upon the filing of appropriate applications for interim or final allowance of compensation pursuant to §§ 330 and 331 of the Code.

      Dahiya further states that the Firm has not shared, or agreed to share (a) any compensation or reimbursement with another person or entity, other than regular associates or individuals, of counsel to the Firm, or (b) any compensation or reimbursement received by another person.

Dated:  New York, New York
        November 30, 2023                     Respectfully Submitted,

                                             Dahiya Law Offices LLC

                                             By:    */s/Karamvir dahiya*
                                                     Karamvir Dahiya (KD 9738)
                                                     75 Maiden Lane Suite 606
                                                    New York NY 10038
                                                    (212) 766 8000
                                                    karam@dahiya.law

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X  Case No. 23-11564-MEW
IN RE:

**Madison Global LLC dba Nello Restaurant**

                 **Debtor,**                    **Chapter 11**
-----------------------------------------------------------X

**SUPPLEMENTAL AFFIDAVIT ("LAR-DAN") OF Thomas Makkos**
**SUPPORTING DAHIYA LAW OFFICES, LLC RETENTION AS COUNSEL FOR**
**MADISON GLOBAL LLC**

STATE OF NEW YORK   )
                              ) ss.:
COUNTY OF NEW YORK )

Thomas Makkos being duly sworn, deposes and states as follows:

1. I am the sole operating principal of the Madison Global LLC dba Nello Restaurant the debtor and debtor-in-possession (the "Debtor").

2. I submit this affidavit in connection with Debtor's application to retain Dahiya Law Offices, LLC (the "Firm") as attorneys for the Debtor.

3. Disclosed in the counsel Karamvir Dahiya's affidavit filed in support of the Application seeking the entry of an order authorizing the Debtor to retain Dahiya law Offices LLC, a sum of $30,000.00 was paid by this affiant. I waived any right to recover from Debtor the sum retainer advanced to the Firm on behalf of Debtor.

4. I hereby also confirm that Dahiya Law Offices, LLC has expressly advised me, with regard to the matters which the Firm is to be engaged in this Chapter 11 proceeding, to the extent that the interests of the Debtor diverge from my interests the Firm shall exclusively represent the Debtor only and not me.

5. I further expressly acknowledge that the Firm owes a duty of undivided loyalty to the Debtor only. I have been advised by the Firm that if a conflict of interest should arise, that it will notify both the Court and me, and that in such circumstance I should consult with other legal counsel in connection with this matter. Karamvir Dahiya has advised me that they will not represent me with respect to any potential claims that I may have against the Debtor or that the Debtor may have against me, and that I may wish to seek the advice of separate counsel with respect to same. In essence, the Firm's fidelity is to the debtor, I understand that.

1

6.  I further declare that I do not owe any money to the debtor, nor does of any of the other businesses or entities [related to me] and vice versa. Neither I nor any of the entities are indebted to Dahiya Law Offices, and vice versa, barring his commitment to the debtor.

Dated: January 12, 2024
New York New York

Thomas Makkos

2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X  Case No: 23-11564-MEW
IN RE:

**Madison Global LLC dba Nello Restaurant**

                          **Debtor,**                       Chapter 11
-------------------------------------------------------------X

### ORDER AUTHORIZING RETENTION OF DAHIYA LAW OFFICES, LLC AS BANKRUPTCY COUNSEL TO THE DEBTOR EFFECTIVE AS OF OCTOBER 30, 2023

Upon the application (the "Application") of the debtor and debtor in possession (the "Debtor"), for authority pursuant to §327(a) of Title 11 of the United States Code (the "Code") to retain DAHIYA LAW OFFICES, LLC ("DLO") as bankruptcy counsel to the Debtor, the affirmation of Karamvir Dahiya, principal of DLO dated November 30, 2023 (the "Dahiya Affirmation") and it appearing that Karamvir Dahiya is an attorney duly admitted to practice in this Court, and the Court being satisfied that DLO represents no interest adverse to the Debtor or to the estate in the matters upon which DLO is to be engaged and that its employment is necessary and in the best interests of the estate; and it further appearing that and due and proper notice of the Application and its exhibits having been served by the Debtor upon the twenty (20) largest unsecured creditors in this case, the Office of the United States Trustee, and all parties who filed requests for notice, and no objection to the relief requested having been filed with the Court, it is

**ORDERED**, that pursuant to 11 U.S.C. § 327(a) and Bankruptcy Rule 2014, the Debtor be, and it hereby is, authorized to retain DLO as bankruptcy counsel to represent the Debtor in the within case under chapter 11 of the Code, **nunc pro tunc** as of October 30, 2023, on the terms and conditions in the Application and the Dahiya Affirmation; and it is further

**ORDERED**, that to the extent the Application or the Dahiya Affidavit/Affirmation is inconsistent with this Order, the terms of this Order shall govern; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 327(a), DLO shall seek compensation from the estate for legal services and reimbursement of expenses upon the application to the Court, and upon notice and a hearing pursuant to 11 U.S.C. §§ 330 and 331 and Bankruptcy Rule 2014 and the Guidelines of the Office of the United States Trustee; and it is further

**ORDERED**, that prior to any increases in DLO's rates, DLO shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee which supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor have consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court.

**ORDERED**, that the DLO shall not share its compensation with any other attorneys; and it is further

**ORDERED** the Court may retain jurisdiction to hear and to determine all matters arising from or related to the implementation of this Order.

_____
Judge Michael E. Wiles