UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X   Case No1 23-11564-MEW

IN RE:

**Madison Global LLC dba Nello Restaurant**

                              **Debtor,**                      **Chapter 11**

-------------------------------------------------------------- X

## ORDER AUTHORIZING RETENTION OF DAHIYA LAW OFFICES, LLC AS BANKRUPTCY COUNSEL TO THE DEBTOR EFFECTIVE AS OF OCTOBER 30, 2023

Upon the application (the "Application") of the debtor and debtor in possession (the "Debtor"), for authority pursuant to §327(a) of Title 11 of the United States Code (the "Code") to retain DAHIYA LAW OFFICES, LLC ("DLO") as bankruptcy counsel to the Debtor, the affirmation of Karamvir Dahiya, principal of DLO dated November 30, 2023 (the "Dahiya Affirmation") and it appearing that Karamvir Dahiya is an attorney duly admitted to practice in this Court, and the Court being satisfied that DLO neither holds nor represents an interest adverse to the Debtor or to the estate; and that its employment is necessary and in the best interests of the estate; and upon the Lar Dan Affidavit of Thomas Makkos having been filed in support of the retention of DLO;and it further appearing that and due and proper notice of the Application and its exhibits having been served by the Debtor upon the twenty (20) largest unsecured creditors in this case, the United States Trustee, and all parties who filed requests for notice, and no objection to the relief requested having been filed with the Court, it is

**ORDERED**, that pursuant to 11 U.S.C. § 327(a) and Bankruptcy Rule 2014, the Debtor be, and it hereby is, authorized to retain DLO as bankruptcy counsel to represent the Debtor in the within case under chapter 11 of the Code, **nunc pro tunc** as of October 30, 2023, on the terms and conditions in the Application and the Dahiya Affirmation; and it is further

**ORDERED**, that to the extent the Application or the Dahiya Affidavit/Affirmation is

1

inconsistent with this Order, the terms of this Order shall govern; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 327(a), DLO shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable law.; and it is further

**ORDERED**, that prior to any increases in DLO's rates, DLO shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee which supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

**ORDERED**, that the DLO shall not share its compensation with any other attorneys; and it is further

**ORDERED** the Court may retain jurisdiction to hear and to determine all matters arising from or related to the implementation of this Order.

Date: February 6, 2024
New York, New York
                                            **s/Michael E. Wiles**
                                            UNITED STATES BANKRYPTCY JUDGE

No objection: United States Trustee

s/Andrea B. Schwartz
Andrea B. Schwartz, Trial Attorney